# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7374 | **DATE** | 4/2/2004 |
| **CASE TITLE** | Laborers' Pension Fund,etc.,et al vs. Quality General Construction | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Counsel for Defendant and Objectors has confirmed in writing that Defendant does not intend to appeal this Court's March 29, 2004, denial of Defendant's request to transfer this case back to Judge Manning. Accordingly, this Court issues its ruling and denies Objectors' Motion to Quash Plaintiffs' Subpoena for bank records. Counsel for the Objectors is respectfully instructed to retrieve copies of the records in question and to provide them to Plaintiffs Laborers' Funds within tens days of entry of this Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 20__ date docketed | |
| ✓ | Docketing to mail notices. | | | 25 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, and JAMES S. ) <br> JORGENSEN, Administrator of the Funds, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> QUALITY GENERAL CONSTRUCTION, ) <br> INC., an Illinois corporation, ) <br> ) <br> Defendant. ) | Case No. 02 C 7374 <br><br> Judge Mark Filip |

**DOCKETED**
APR - 2 2004

APR 2 200/

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Defendant Quality General Construction, Inc., to quash Plaintiffs' third-party subpoena to Mid-America Bank in Clarendon Hills, Illinois. Prior to transfer of this case, the Honorable Blanche M. Manning of the United States District Court for the Northern District of Illinois agreed to conduct an *in camera* review of documents responsive to the subpoena so as to address an overbreadth objection made to the subpoena. This Court has conducted the *in camera* review, and the Court has found that the documents are properly discoverable by Plaintiffs. Accordingly, Defendant's overbreadth objection is rejected and Defendant's motion to quash the subpoena is denied.

I.  Procedural History

The relevant procedural history of this case was set forth in this Court's opinion of March 29, 2004—familiarity with which is presumed. As for the pending motion, and in summary, on

25

January 15, 2004, Defendant Quality General Construction, Inc. filed a motion to quash Plaintiffs' third-party subpoena to Mid-America Bank. (D.E. 17.) That subpoena commanded production of "[a]ll records including bank statements and canceled checks for any accounts held by Quality General Construction, Inc. a/k/a Quality Construction and/or Marek Kawa from the period of June 18, 2002 forward." (*Id.* at 1.) Defendant; Marek Kawa, Defendant's president and apparent owner; and Malgorzata Rybska, Secretary of Defendant and Mr. Kawa's wife (all three collectively, "Objectors"), contend that the subpoena is overbroad because it fails to distinguish between corporate accounts and personal accounts of Mr. Kawa. (*Id.*) As a result, the Objectors contend, the subpoena covers "accounts held by Marek Kawa's wife, Malgorzata Rybska, on which Marek Kawa is an authorized signer. These accounts have no connection to Quality General Construction, Inc." (*Id.*) In January 2004, in response to the Objectors' relevance/overbreadth objection, Judge Manning ordered that "[t]he response of third party recipient Mid America Bank to Plaintiff's subpoena duces tecum . . . shall be delivered to this Court's chambers for an in camera inspection . . . ." (D.E. 18.)

At a status hearing on March 25, 2004, counsel for the Objectors renewed their objection. Counsel for Plaintiffs (two union pension and welfare funds and the administrator of those funds, collectively "Plaintiffs" or "Laborers' Funds") responded that Plaintiffs want the documents because the Laborers' Funds believe that there are substantial signs that the Defendant and the other Objectors have been commingling monies and using their various bank accounts so as to avoid union contributions lawfully owed. (3/25/04 Hr'g Tr. at 2-3.) The documents in question may produce evidence of such commingling and evasion, Plaintiffs contend, which is relevant to this suit, which involves whether any union contributions are owed. (*Id.* at 2-3, 6-7; *see also*

D.E. 1.)

At the March 25, 2004 status hearing, counsel for the Objectors agreed that the *in camera* review promised by Judge Manning required an attempt to carve out documents relating to matters that were clearly personal to Mr. Kawa and Ms. Rybska and therefore are unrelated to the instant dispute. (3/25/04 Hr'g Tr. at 1-2.) This Court agreed to complete the *in camera* review to see what documents, if any, could reasonably be screened out as "personal only," consistent with the liberal discovery policies underlying the federal civil litigation system.

II.     Ruling on the Motion to Quash

Having reviewed the records in question, the Court notes that the records—mostly printouts of computerized bank account summaries in the form of monthly statements—do not contain details such as the origin of deposits or destination of withdrawals or copies of checks. (The bank is prepared to provide copies of checks—but, as is typically the case with bank subpoenas, the bank instructs that retrieval and copying will take substantial time that warrants prepaid compensation). Nothing in the bank documents at issue identifies "clearly personal" matters such as perhaps checks to healthcare or psychiatric care providers. Thus, the nature of the documents at issue militates against a "clearly personal" carve-out from records to be seen by the Laborers' Funds, at least when considered in light of the other factors in the case, as explained below.

There are four subsets of records. The first subset relates to an account listed in the name of "Marek Kawa: DBA Marek Kawa Quality Construction." These records seem squarely relevant, given the issues in the suit. *See generally* Fed. R. Civ. P 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to

3

lead to the discovery of admissible evidence.").

The second subset of records pertains to an account listed in the name of "Malgorzata Rybska: DBA Malgorzata Rybska Quality Construction." (Ms. Rybska is denoted as "owner" and Mr. Kawa is an "authorized signer"). The addresses given for "Malgorzata Rybska: DBA Malgorzata Rybska Quality Construction" and "Marek Kawa: DBA Marek Kawa Quality Construction" are identical—4207 Newland in Harwood Heights, Illinois. Given that the Laborers' Funds are asserting that Defendant Quality Construction, Inc. has not paid all lawfully owed union contributions, this second subset of records also seems squarely relevant.

At the March 25 hearing, counsel for the Objectors contended that Ms. Rybska has her own property management business, which conducts business in a similar line of work as Mr. Kawa's, but that Ms. Rybska's business is not properly subject to union-related contributions. That may be true—and the Court takes no position on that assertion. Of relevance here, however, is the fact that Ms. Rybska's business is also entitled "Quality Construction" and appears to be based in the same location as Mr. Kawa's. Given that the Laborers' Funds want to determine whether Defendant has been shirking its union contributions, the records of "Malgorzata Rybska: DBA Malgorzata Rybska Quality Construction" are germane. In this regard, it bears note that the Objectors previously represented to Judge Manning that the subpoena in question was overbroad because it covered "accounts held by Marek Kawa's wife, Malgorzata Rybska, on which Marek Kawa is an authorized signer. These accounts have no connection to Quality General Construction, Inc." (D.E. 17 at 1.) Further investigation may help reveal whether this statement was correct or not (again, the Court takes no position), but for the present purposes of resolving this discovery dispute, the fact that one of the accounts held by Ms.

Rybska is entitled "Malgorzata Rybska: DBA Malgorzata Rybska Quality Construction" stands in at least some tension with the Objectors' prior representation. In addition, since the time that the Objectors asserted to Judge Manning that accounts held by Ms. Rybska "have no connection to Quality General Construction, Inc." (*id.*), Ms. Rybska has since been identified (in a joint status report to this Court dated March 22, 2004, that was signed by Defendant's counsel) as "the secretary of Quality General Construction, Inc." (D.E. 21 at 3.) This too counsels in favor of allowing the Laborers' Funds to see the second subset of bank records.

A third subset of records relates to what appears to be a checking account held in the names of both Mr. Kawa and Ms. Rybska. A quick review of the monthly statements for this account, when compared with the records for the account held in the name of "Malgorzata Rybska: DBA Malgorzata Rybska Quality Construction," indicates that on at least three occasions, involving sums of $15,000, $10,000, and $10,000, respectively, there are withdrawals from the "Malgorzata Rybska: DBA Malgorzata Rybska Quality Construction" account and deposits on the same respective dates and in the same respective amounts in the Kawa/Rybska account. (The Court stopped its comparison after three such corresponding entries were quickly found in the months of August and September 2002; there may or may not be more). These three incidents may ultimately prove to be coincidences, in that the monies coming from the "Malgorzata Rybska: DBA Malgorzata Rybska Quality Construction" account were not the same monies that went into the Kawa/Rybska account. Or, perhaps there is nothing illicit about taking money from the "Malgorzata Rybska: DBA Malgorzata Rybska Quality Construction" account and transferring it to the Kawa/Rybska account. Again, the Court need not resolve any of those issues to resolve the pending discovery dispute. There is sufficient circumstantial evidence of

commingling to justify letting the Laborers' Funds have access to the documents at issue, given the opportunities and financial incentives for a union-affiliated company to use a "shadow company" to avoid union-related contributions if possible. The impropriety of precluding the Plaintiffs from even seeing these records is confirmed by the history of the Defendant's behavior in this case. In summary, the Laborers' Funds are entitled to see the records from the Kawa/Rybska account so as to help determine whether the Objectors were commingling and transferring money to avoid the union-related obligations of the Defendant.

One further point about the Kawa/Rybska account deserves mention. The account statements for this account reflect that in March 2003, there was a $376,000 deposit into this account and a $200,000 withdrawal from this account. In and of itself, that transaction history proves nothing, but common sense counsels that most people do not typically have deposits and withdrawals of this size in a "personal only" checking account. The transactions may involve something completely unrelated to any business of the Objectors, but the very size of these transactions raises issues about whether the Kawa/Rybska account is being used to conduct commercial affairs and provides further reason not to preclude Plaintiffs from seeing the Kawa/Rybska records.

As alluded to above, Mr. Kawa's past behavior (on behalf of Defendant, Quality General Construction, Inc.), demonstrates what at best can be described as his indifference to legal obligations—and helps to inform whether the Laborers' Funds should be precluded from even seeing the records at issue. In July, 2003, Judge Manning was required to issue a rule to show cause why Marek Kawa "should not be held in contempt of court for failure to submit books and records to an audit." (D.E. 12.) Mr. Kawa failed to appear as required on the rule to show cause

in September 2003, despite apparent in-hand service of the rule to show cause (D.E. 13), which required Judge Manning to order the U.S. Marshals Service "to arrest Marek Kawa and bring him before the Court at the earliest possible time." (D.E. 14.) In conjunction with that order, Judge Manning also issued a corresponding writ of body attachment as to Mr. Kawa. (D.E. 14.)

Mr. Kawa came to court "voluntarily" after learning of the outstanding writ of body attachment.[1] On October 2003, Mr. Kawa came to court and agreed to submit books and records for an audit as previously ordered. (D.E. 21 at 2.) He also then "advised the Court and Plaintiffs' counsel that Quality General Construction had not performed any covered work and submitted books and records to Plaintiffs' counsel that Mr. Kawa represented as the complete records responsive to the Court's Order." (*Id.*)

As explained above, there is meaningful circumstantial evidence casting at least some doubt on whether Mr. Kawa's representation was correct. That factor, combined with Mr. Kawa's prior behavior in this case, counsels against expecting the Laborers' Funds to rely on the Objectors' present contention that the bank records at issue are irrelevant to Plaintiffs' suit.

The final subset of documents is comprised of five sheets of paper relating to an account entitled "Betancourt Realty Network FBO Marek Kawa." The Objectors' objection, by its terms, does not seem applicable to these documents, because this final account is not an "accoun[t] held by Marek Kawa's wife, Malgorzata Rybska, on which Marek Kawa is an authorized signer." (D.E. 17 at 1.) That fact, and the fact that the address for the business is also listed as 4207

---

[1] The docket is unclear as to whether Mr. Kawa came "voluntarily" or was arrested, but at the March 25, 2004, status, it was represented that Mr. Kawa "did voluntarily respond after being alerted to the issuance of the body attachment." (03/25/04 Hr'g Tr. at 2.) The Court will resolve this ambiguity in Mr. Kawa's favor.

7

Newland in Harwood Heights, counsels against precluding the Laborers' Funds from seeing the records on any basis of alleged overbreadth of the subpoena.

Accordingly, for the reasons listed above, the Objectors' Motion to Quash is respectfully denied. *See generally Swierkiewicz v. Sorema N.A.*, 122 S. Ct. 992, 998 (2002) (noting the "liberal discovery rules" around which the federal civil litigation system is structured).

As the Court indicated at the March 25, 2004 hearing, if the Objectors elect to do so, they may move for entry of a protective order if they believe their privacy interests or personal affairs are impermissibly compromised by this discovery. The Objectors are respectfully counseled, however, that the Seventh Circuit has repeatedly instructed against entry of unwarranted protective orders. *See, e.g., Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Any request for entry of a protective order will need to be evaluated against the applicable standards.

Counsel for the Objectors are instructed to pick-up the copies of the subpoenaed documents and to promptly turn them over to the Plaintiffs within ten days from entry of the order corresponding to this opinion. *See generally Simmons v. City of Racine, PFC*, 37 F.3d 325, 327-28 (7th Cir. 1994); *E.H. Reise v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 957 F.2d 293, 295-96 (7th Cir. 1992).

_____
Mark Filip
United States District Judge
Northern District of Illinois

Enter: APR 2 2004